UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JERICO HOWARD                                                                                PLAINTIFF

V.                                              CIVIL ACTION NO.4:05CV206-MPM-JAD

CHRISTOPHER EPPS, et al                                          DEFENDANTS

REPORT AND RECOMMENDATION

The plaintiff, a Rastafarian, filed a complaint seeking to prohibit the Mississippi Department of Corrections from enforcing its hair grooming policies against him. His faith requires him to wear his hair in dreadlocks and prohibits cutting the dreadlocks. MDOC policy requires male inmates to have their hair no longer than three inches. He also claims that MDOC does not 'recognize' the existence of his religion. The plaintiff has filed a motion for class certification (Doc. 13). He makes no showing that any of the elements for certification of a class exist.

Other than repeating his complaints, he only lists two other inmates, Abdullah Whittington and Brian Runnels as additional plaintiffs in this action. These are the same two inmates Howard listed as plaintiffs in Howard v. Epps, 4:05MC2-JAD. In that action, the court entered its order requiring that separate complaints be filed. Runnels has three-strikes and is not eligible to proceed *pro se.* Whittington has not applied to proceed *pro se.* The motion appears to Howard's attempt to avoid the court's order in the miscellaneous action, rather than an attempt to create a bona fide attempt to create a real class.

The undersigned recommends that the motion for class certification be denied.

The plaintiff also seeks a temporary restraining order or preliminary injunction prohibiting the Mississippi Department of Corrections from enforcing the grooming regulation during this

litigation (Doc. 16). In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). The granting or denial of a motion for injunctive relief rests in the sound discretion of the trial court. Canal Authority of State of Florida , 489 F.2d at 572. However, the movant bears the burden of satisfying the "four prerequisites for the extraordinary relief of preliminary injunction." *Id*. The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the relief is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting injunctive relief will not disserve the public interest. *Id.* at 572. These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order or preliminary injunction. *Mississippi Power & Light*, 760 F.2d at 621.

The undersigned finds that under existing case law there is not a substantial likelihood that the plaintiff will prevail on the merits. In *Brunskill v. Boyd,* 141 Fed Appx 771(2005) the Eleventh Circuit Court of Appeals upheld the policies of the Florida Department of Corrections which required an inmate to cut his hair. The regulations were challenged as violations of First Amendment rights, the Religious Freedom Restoration Act(RFRA) and RLUIPA . The Fifth Circuit Court of Appeals in *Diaz v. Collins*, 14 F.3d 69 (5th Cir. 1997) upheld regulations of the Texas Department of Criminal Justice which required inmates to have their hair cut short. The Fifth Circuit Court of Appeals doing an analysis under RFRA, with a standard identical to RLUIPA, found the regulation constituted a substantial burden on Diaz, a Native American practitioner, given significance of long hair to his beliefs. Because long hair facilitated the transfer contraband and

2

weapons in the prison system, and because the short hair requirement made it more difficult for escaped prisoners to alter their appearance from prison photographs the court found that the regulation furthered a compelling state interest and could not be achieved by less restrictive means. The rationale that supports these decisions also shows that Howard has not made the showing required to meet the third and fourth prongs of the test for the granting of a preliminary injunction.

The undersigned recommends that the motion for temporary restraining order or for a preliminary injunction be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 17th day of August, 2006.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE