UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JERICO HOWARD, also known                                              PLAINTIFF
as RAS SHAKUULA QIONNA

V.                                                      CIVIL ACTION NO. 4:05CV206

CHRISTOPHER EPPS, et al                                               DEFENDANTS

## ORDER

This cause comes before the Court on the defendant's motion [37] for summary judgment. A Report and Recommendation [61] has been issued by the United States Magistrate Judge which recommends that the motion for summary judgment be granted. The plaintiff timely filed an objection [62] to the Report and Recommendation. After reviewing the briefs, the Report and Recommendation, and the objection, this Court finds as follows:

Plaintiff Howard has asserted that genuine issues of material facts exist with respect to his First Amendment Free Exercise claim and Fourteenth Amendment Equal Protection claim. First, the plaintiff alleges that the Mississippi Department of Corrections ("MDOC") does not acknowledge Rastafari as a religion. The Report and Recommendation is correct in stating that this complaint fails to state a claim inasmuch as the MDOC is charged under the Constitution and Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) 42 U.S.C. § 2000cc-1, with providing some limited accommodations for the religious needs of inmates. There is no duty to "recognize" a religion.

Plaintiff Howard also asserts that the MDOC's grooming policy restricting hair length places a substantial burden on his religious practice and in effect violates the Free Exercise Clause of the First Amendment. RLUIPA states that "no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that the imposition of the burden on that person 1) is in furtherance of a compelling governmental interest; and 2) is the least restrictive means of furthering that compelling government interest."

In the instant matter, the MDOC acknowledges that the grooming policy places a substantial burden on Plaintiff Howard's exercise of his religion because the practice of growing dreadlocks and never allowing his hair to be cut is inconsistent with MDOC policy. The MDOC asserts that the hair grooming policy is in place because it reduces the ability of inmates to hide weapons or contraband in their hair, it reduces the ability of gang members to recognize each other by hairstyle, and it reduces the ease with which an inmate may be able to change his physical appearance upon escape from jail.

*Diaz v. Collins*, 114 F.3d 69 (5th Cir.) upheld a prison grooming policy under the Religious Freedom Restoration Act (RFRA), the predecessor to RLUIPA. RFRA has been declared unconstitutional as applied to the states. *City of Boerne v. Flores*, 521 U.S. 507, 536, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). The difference between RFRA and RLUIPA is that the RFRA requires a balancing test when examining the compelling interest and the religious burden while under RLUIPA there must be a showing that the burden imposed must be the least restrictive means of the achieving that compelling interest. 42 U.S.C. § 2000cc-1(a). However, Congress has noted that courts entertaining complaints under RLUIPA should accord due

deference to the experience and expertise of prison and jail administrators. *Thunderhorse v. Pierce*, 418 F. Supp.2d 875, 886 (E.D. Tex. 2006). In *Diaz*, the plaintiff alleged the Texas Department of Criminal Justice grooming code substantially burdened his religion and the Texas Department of Criminal Justice alleged all of the same security reasons for the code that the MDOC has alleged. 144 F.3d at 73. Prison security and the MDOC's reasons for the grooming policy are compelling government interests, and while not directly addressing the least restrictive means standards in *Diaz*, the Fifth Circuit stated that the security interests at stake in having a prison regulation on hair length cannot be meaningfully achieved by any different or lesser means. *Id*. The Eastern District of Texas has also come to this conclusion when examining hair length regulations under RLUIPA. Accordingly, the court finds that summary judgment on Plaintiff Howard's Free Exercise claim must be granted.

With respect to the plaintiff's Equal Protection claim, the Plaintiff Howard objects to the grooming policy because it does not apply to women and because it has a disparate impact on him as a Rastafarian. The plaintiff must show that he has received treatment different from the treatment received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent in order to sustain his Equal Protection claim. The grooming policy is generally applied to all members of every religion and has made no showing that the purpose of the policy is to hinder adherence to the Rastafarian faith.

In *Hill v. Estelle*, 537 F.2d 214, 215-16 (5th Cir. 1976), the Fifth Circuit found that the difference in hair length regulations for men and women did not violate the Equal Protection Clause. Accordingly, this court finds that summary judgment on the plaintiff's Equal Protection claim should be granted.

The defendant's motion [37] for summary judgment is GRANTED. This case is closed.

This the 9th day of February, 2007.

                                        **/s/ Michael P. Mills**
                                        **UNITED STATES DISTRICT JUDGE**